Eltonyo L. OWENS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0010–CR–655.

Court of Appeals of Indiana.

Feb. 16, 2001.

---

Paul T. Fulkerson, Skiles Hansen Cook & Detrude, Indianapolis, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant Defendant, Eltonyo Owens (Owens), appeals from his convictions of attempted robbery, a Class B felony, Ind. Code §§ 35–41–5–1, 35–42–5–1, and battery of a law enforcement officer, a Class D felony, Ind.Code § 35–42–2–1(a)(2).

We affirm in part, reverse in part, and remand for a corrected sentencing order.

### ISSUES

Owens raises three issues for our review, which we consolidate and restate as follows:

1. Whether the evidence is sufficient to convict him of attempted robbery and battery of a law enforcement officer.

2. Whether Owens' convictions of attempted robbery and battery of a law enforcement officer violates State double jeopardy provisions.

### FACTS AND PROCEDURAL HISTORY

At approximately 10:00 p.m. on October 19, 1999, Indianapolis Police Officer Matthew Hamner and two other officers were engaged in undercover work for the Narcotics Unit at the 3900 block of East 31st Street in Indianapolis, Indiana. Officer Hamner was driving an unmarked van while the other two officers rode unseen in the back. The officers were attempting to make a drug buy and subsequent arrest.

Officer Hamner observed Owens and his codefendant Marco Clark (Clark) on the street, and based on their behavior, Officer Hamner suspected them of drug activity. Therefore, Officer Hamner pulled his van next to Owens and Clark and asked them if they could help him obtain a twenty-dollar rock of crack cocaine. Clark and Owens asked Officer Hamner if he was a police officer, and Officer Hamner replied that he was not. Clark then stated that he could help Officer Hamner, and Officer Hamner held up a twenty-dollar bill. Clark then reached into the vehicle and attempted to grab the twenty-dollar bill but instead grabbed Officer Hamner's arm. Officer Hamner pulled his arm loose and drove the van forward approximately ten feet. Both Clark and Owens told Officer Hamner to wait, and that they could get him some crack cocaine. Owens and Clark again approached the vehicle, and Owens punched Officer Hamner in the head, causing him injury. Officer Hamner then yelled "police" and the two other officers exited the van and chased Owens and Clark. When the officers apprehended Owens and Clark, they had no drugs in their possession.

On October 20, 1999, Owens and Clark were charged as codefendants for Count I, attempted robbery, a Class B felony; Count II, battery resulting in bodily injury to a law enforcement officer, a Class D felony; and Count III, resisting law enforcement, a Class A misdemeanor.

On June 8, 2000, Owens waived his right to a jury trial, and a bench trial was held on that same day. Following the evidence, the trial court took the matter under advisement, and on June 14, 2000, the trial

court entered a judgment finding Owens guilty of Count I and Count II, but not guilty of Count III, resisting law enforcement.

On July 19, 2000, a sentencing hearing was held, and Owens was sentenced on Count I to ten years, six years executed and four years suspended, with two years probation, and on Count II, Owens was sentenced to one and one half years to be served concurrent to Count I. Owens now appeals.

## DISCUSSION AND DECISION

### I. *Sufficient Evidence*

Owens argues that the evidence is insufficient to convict him of attempted robbery and battery of a law enforcement officer.

■ Our standard of review when the sufficiency of the evidence is challenged is well settled. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh'g denied*. We look to the evidence and the reasonable inferences to be drawn therefrom that support the trial court's judgment. *Id.* The conviction will be affirmed if evidence of probative value exists from which the trier of fact could find the defendant guilty beyond a reasonable doubt. *Id.*

### A. *Attempted Robbery*

■ First, Owens argues that the evidence does not support the trial court's determination that he struck Officer Hamner with the intent to take the twenty-dollar bill from Officer Hamner. Specifically, although Owens concedes that he struck Officer Hamner in the head, Owens claims that it was Clark who reached into Officer Hamner's vehicle in an attempt to take the money. Therefore, Owens contends that the evidence is insufficient to establish that the force he exercised upon Officer Hamner was in an attempt to rob him. We disagree.

To sustain a conviction for attempted robbery as a Class B felony, the State was required to prove beyond a reasonable doubt that Owens: (1) knowingly or intentionally, (2) engaged in conduct that constituted a substantial step toward, (3) taking money from Officer Hamner, (4) by the use of force, (5) resulting in bodily injury to Office Hamner. *See* Ind.Code §§ 35–41–5–1(a), 35–42–5–1.

Here, the charging information for attempted robbery reads as follows:

> Marco Clark and Eltonyo Owens, on or about October 19, 1999, did attempt to commit the crime of Robbery, which is to knowingly take from the person or presence of Matthew Hamner property, that is: United States currency, by putting Matthew Hamner in fear or by using or threatening the use of force on Matthew Hamner which resulted in bodily injury, that is: swelling and pain, to Matthew Hamner by engaging in conduct which constituted [a substantial] step toward the commission of said crime of Robbery, that is: knowingly having Matthew Hamner display a twenty dollar bill, grabbing his arm, and striking him in the head causing swelling and pain.

(R. 16). It is undisputed that Clark reached into Officer Hamner's vehicle in an attempt to grab the money, but instead grabbed Officer Hamner's arm. It is also undisputed that Owens struck Officer Hamner in the head causing him bodily injury.

Based upon the evidentiary sequence of events and the totality of circumstances, we find that the evidence is sufficient to support a determination that Clark and Owens acted together to participate in the crime of attempted robbery. First, Officer Hamner testified that on the night of October 19, 1999, he and two other police detectives were investigating narcotics complaints at the 3900 block of East 31st Street. The officers were working undercover, in plain clothes, and Officer Hamner was driving an unmarked van while Detec-

tive Horn and Trimble rode unseen in the back of the vehicle. Officer Hamner further testified that he noticed two male individuals that he suspected of illegal drug activity. At this point, Officer Hamner advised the other officers that he was going to attempt to make a "buy bust," which involved an undercover drug buy and subsequent arrest. (R. 122). Officer Hamner then pulled the van near Owens and Clark and asked them if they could help him find a "twenty,"[1] to which Clark replied that they could help him. Officer Hamner then testified that Clark walked up to the driver's side door and asked to see the money. Officer Hamner then displayed a twenty-dollar bill to Clark and Owens, but Clark stated that he could not see the money and asked Officer Hamner to hold it closer. Therefore, Officer Hamner held the money closer to the window and Clark reached into the vehicle and tried to grab the bill from Officer Hamner's hand. However, Officer Hamner began to pull the van forward and Clark grabbed Officer Hamner's arm instead of the money. Officer Hamner then jerked his arm loose and began to pull the van forward again, at which point, Clark and Owens simultaneously said, "No, wait, hang on, hang on, we'll take care of you...." (R. 127). Finally, Officer Hamner testified that Owens then punched him in the face hard enough to knock his glasses into the street. Officer Hamner then yelled "police officer" (R. 128), and Owens and Clark fled. When Officers Horn and Trimble caught Owens and Clark, they were not in possession of any drugs. At trial, Officer Trimble was able to corroborate Office Hamner's description of the sequence of events. Therefore, based on the sequence of events and the totality of the circumstances, it is reasonable to infer that acting together, Clark and Owens intended to take the twenty dollar bill from Officer Hamner.

## B. *Battery of Law Enforcement Officer*

■ Next, Owens argues that the evidence is insufficient to convict him of bat-tery of a law enforcement officer. Specifically, Owens contends that the State failed to prove beyond a reasonable doubt that when he struck Officer Hamner he knew that Officer Hamner was a law enforcement officer. Therefore, Owens claims that the State failed to prove that he possessed the culpability required to convict him of battery of a law enforcement officer. We disagree.

To sustain a conviction for battery of a law enforcement officer as a Class D felony, the State was required to prove beyond a reasonable doubt that Owens: (1) knowingly or intentionally, (2) touched Officer Hamner in a rude, insolent, or angry manner, (3) resulting in bodily injury to Officer Hamner, and (4) Officer Hamner was a law enforcement officer engaged in the execution of his official duties. Ind. Code § 35–42–2–1(a)(2).

Here, it is undisputed that Officer Hamner was a law enforcement officer engaged in the execution of his official duties when Owens struck him. Moreover, the State conceded the fact that Owens and Clark were unaware that Officer Hamner was a law enforcement officer until Officer Hamner notified them as such. Furthermore, it is also undisputed that Clark and Owens asked Officer Hamner if he was a cop, and Officer Hamner responded that he was not. Nevertheless, Owens asserts that the State was required to prove that he knew that Officer Hamner was a law enforcement officer when he struck him in order to convict him for battery of a law enforcement officer. Therefore, we must determine whether the State failed to carry its burden of proving that Owens knew Officer Hamner to be a law enforcement officer at the time he struck him. However, because we find that the State was not required to prove that Owens knew that Officer Hamner was a police officer, we find that the evidence is sufficient to con-

---

1. A "twenty" refers to a twenty-dollar rock of crack cocaine.

vict Owens for battery of a law enforcement officer.

In making this determination, we must consider two statutes. Ind.Code § 35–41–2–2(d) provides that "if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct." Ind.Code § 35–42–2–1(a)(2) provides that:

a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is: a Class D felony if it results in bodily injury to a law enforcement officer while the officer is engaged in the execution of his official duty.

The conduct prohibited in a battery is the rude, insolent, or angry touching, and this is the conduct that must be done knowingly or intentionally by the actor. *Markley v. State*, 421 N.E.2d 20, 21 (Ind.Ct.App. 1981). Moreover, "bodily injury to a law enforcement officer" is an element of the battery offense and it must be proven beyond a reasonable doubt before there can be a battery conviction resulting in injury to a law enforcement officer. *See id.*

■ In *Markley*, we noted that "prohibited conduct" and "element" within Ind. Code § 35–41–2–2(d) are not synonymous and if the legislature had intended culpability to apply to every material element, the phrase "of the prohibited conduct" would be superfluous. *Markley*, 421 N.E.2d at 21. We agree and hold that the element of "bodily injury to a law enforcement officer" is an aggravating circumstance, which, if proven beyond a reasonable doubt, increases the penalty for the offense committed without proof of any culpability separate from the culpability required for the conduct elements of the offense. *See id.* Therefore, the legislature determined that the aggravating circumstance of battery resulting in bodily injury to a law enforcement officer was sufficient to increase the gravity of a bat-

tery offense because of the increased threat of injury to law enforcement officers. Moreover, this reasoning, coupled with the fact that "results in bodily injury to a law enforcement officer" is just that, a result, rather than prohibited conduct, leads us to the conclusion that Ind.Code § 35–41–2–2(d) does not apply to the "results in bodily injury to a law enforcement officer" element of a Class D felony battery.

Thus, the State was not required to prove beyond a reasonable doubt that Owens knew that Officer Hamner was a law enforcement officer when Owens struck him in the face. Moreover, the evidence is sufficient to convict Owens for battery of law enforcement officer as a Class D felony.

## II.  *State Double Jeopardy*

■ Finally, Owens argues that his convictions for attempted robbery and battery violates Indiana's constitutional prohibitions against double jeopardy.[2] Owens asserts that both convictions arose out of him striking Officer Hamner, and that therefore he has been punished twice for the same criminal conduct. The Indiana Double Jeopardy Clause provides, in relevant part, "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. I, § 14. As our supreme court has noted, "Indiana's Double Jeopardy Clause was intended to prevent the State from being able to proceed against a person twice for the same criminal transgression." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind.1999).

In *Richardson*, the court developed a two-part test for determining whether two convictions are permissible. The court explained that "two or more offenses are the 'same offense' in violation of Article I, Section 14, of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also

---

**2.** Owens does not make a federal double jeop-  ardy claim.

establish the essential elements of another challenged offense." *Id.*

We first turn to the statutory elements test. The Indiana Supreme Court has described the test as follows:

> The objective of this test is to determine whether the essential elements of separate statutory crimes charged could be established hypothetically. In this test, the charged offenses are identified by comparing the essential statutory elements of one charged offense with the essential statutory elements of the other charged offense. Inspecting the relevant statutes and the charging instrument to identify those elements which must be established to convict under the statute, this review considers the essential statutory elements to determine the identity of the offense charged, but does not evaluate the manner or means by which the offenses are alleged to have been committed, unless the manner or means comprise an essential element.

*Id.* at 50.

Here, the guiding statute for attempted robbery and battery each contain one element that the other does not. Attempted robbery requires proof that Owens engaged in conduct that was a substantial step toward taking money from Officer Hamner, while battery of a law enforcement officer requires proof that Owens touched Officer Hamner in a rude, insolent, or angry manner. Thus, one offense focuses on the improper touching of another, while the other focuses on the proscribed taking of another's property. Consequently, we conclude that they are separate and distinct offenses, and that they do not violate the statutory evidence test. Thus, we move to the second test under the Indiana double jeopardy analysis, the actual evidence test, to determine whether each offense was established by separate and distinct facts. *Id.* at 52–53.

▬▬ Turning to the actual evidence test, our supreme court has described it as follows:

> Under this inquiry, the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Richardson,* 717 N.E.2d at 53. To establish that two offenses are the same offense under the actual evidence test, the possibility that the same evidence was used to convict the defendant of both offenses must be reasonable, not speculative or remote. *Griffin v. State,* 717 N.E.2d 73 (Ind.1999), *cert. denied.*

In this case, the attempted robbery and battery convictions arose from the same set of facts. Owens' conviction for attempted robbery could only have resulted from his striking of Officer Hamner, and his conviction for battery resulting in bodily injury to a law enforcement officer could only have resulted from the striking of Officer Hamner. Specifically, Owens' overt action of striking Officer Hamner in the head was required to convict Owens of both offenses. Consequently, there is a reasonable possibility that the evidentiary facts used by the trial court to establish the essential elements of battery resulting in bodily injury to a law enforcement officer may have also been used to establish the essential elements of attempted robbery. Therefore, we hold that Owens' convictions are for the same offense and that they violate the Indiana double jeopardy clause. *See Richardson,* 717 N.E.2d at 54.

▬▬ Our final task is to determine what must be done to correct the double jeopardy violation. When two convictions are found to contravene Indiana double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. *Richardson,* 717 N.E.2d at 54. If it will not, one of the convictions must

be vacated. *Id.* In the interest of efficient judicial administration, the trial court need not undertake a full sentencing re-evaluation, but rather the reviewing court will make this determination itself, being mindful of the penal consequences that the trial court found appropriate. *Id.*

In the instant case, the two convictions are of different severities, the attempted robbery conviction is a Class B felony, and the battery resulting in bodily injury to a law enforcement officer is a Class D felony. Reducing one of the convictions to a less serious form of the same offense will not eliminate the double jeopardy violation because we have determined that the two convictions arose out of the same set of facts. Consequently, one of the convictions must be vacated.

To remedy the double jeopardy violation, Owens requests that we vacate the attempted robbery conviction. As previously stated, when we determine that two convictions contravene double jeopardy principles, we may eliminate the violation by vacating either conviction, and we consider the penal consequences that the trial court found appropriate. *Richardson*, 717 N.E.2d at 54. We, therefore, vacate the battery conviction because it has less severe penal consequences, and we leave standing the attempted robbery conviction. *See Jenkins v. State*, 726 N.E.2d 268, 271 (Ind.2000).

### CONCLUSION

We affirm the conviction for attempted robbery. We vacate the conviction for battery resulting in bodily injury to a law enforcement officer. This case is remanded to the trial court to issue a corrected sentencing order.

Affirmed in part, reversed in part, and remanded for a corrected sentencing order.

ROBB and DARDEN, JJ., concur.