v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0707–JV–576.

Court of Appeals of Indiana.

Aug. 28, 2008.

Transfer Denied Nov. 6, 2008.

Joel M. Schumm, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

After the juvenile court issued true findings that H.M. is a juvenile delinquent for committing offenses that would be Class D felony criminal confinement, Class D felony attempted theft, and Class A misdemeanor battery if committed by an adult, H.M. appeals. Specifically, she argues that her adjudications for attempted theft and battery constitute double jeopardy. Concluding that double jeopardy principles apply to juvenile delinquency proceedings where multiple true findings result in a single delinquency adjudication and that separate evidence supports the battery finding that was not used to support the attempted theft finding, we affirm.

### Facts and Procedural History

On the afternoon of December 13, 2006, H.M. was not permitted to enter her India-napolis, Indiana, middle school because she had been suspended four days previously for fighting. Tr. p. 39. Nevertheless, she and several friends went into the building and later walked outside as a group. Outside, they spotted thirteen-year-old D.O. walking home from school. H.M. suggested to her friends that they "jump [D.O.] for her jewelry," *id.* at 47, and the group approached D.O. H.M. demanded to D.O., "Let me see your necklace." *Id.* at 5. D.O. walked on, and the group of girls followed her and eventually surrounded her.

Once the girls had surrounded D.O., H.M. "smack[ed]" and "punch[ed]" her. *Id.* at 48, 50. Another girl in the group hit D.O. with a belt. *Id.* at 9. H.M. pulled on D.O.'s necklace, unsuccessfully trying to remove it, and caused D.O. some pain. *Id.* at 6. The necklace did not break, and D.O. was able to run away.

Also on the afternoon of December 13, 2006, L.P. encountered H.M. and four other girls while she walked home from school. *Id.* at 14, 16. The girls surrounded L.P., and one of them grabbed her rosary. *Id.* at 17. H.M. covered L.P.'s eyes, *id.* at 52, someone told L.P. to take off her rosary, and then the girls hit L.P. on her back, *id.* at 17, 53. The rosary broke. *Id.* at 17. A car pulled up, and L.P. was able to escape. *Id.*

The State filed two pétitions alleging that H.M. had committed a number of acts that would constitute criminal offenses if committed by an adult. Under cause number 49D09–0612–JD–004789 ("4789"), the State alleged: Count 1, Class D felony criminal trespass for entering the school without permission; Count 2, Class D felony criminal confinement of L.P.; Count 3, Class D felony theft of L.P.'s property; Count 4, Class A misdemeanor battery of L.P.; and Count 5, Class D felony attempted theft of L.P.'s property. Appel-

lant's App. p. 14–15, 38. Under cause number 49D09–0702–JD–000403 ("403"), the State alleged: Count 1, Class D felony criminal confinement of D.O.; Count 2, Class D felony attempted theft of D.O.'s property; and Count 3, Class A misdemeanor battery of D.O. *Id.* at 64–65. H.M. denied the allegations. After a denial hearing on the delinquency petitions, the juvenile court issued true findings on Counts 1, 2, 4 (as a lesser included Class B misdemeanor), and 5 in cause number 4789 and true findings on each count contained in cause number 403. Tr. p. 76. The juvenile court issued dispositional orders under each cause number adjudicating H.M. a delinquent. Appellant's App. p. 10–11, 60–61. H.M. now appeals.[1]

### Discussion and Decision

■ On appeal, H.M. raises one issue. Specifically, she contends that the juvenile court's true findings of attempted theft and battery in cause number 403 violate double jeopardy principles because the same evidence of H.M. grabbing D.O.'s necklace was used to support both true findings.[2]

■ Article I, Section 14 of the Indiana Constitution, Indiana's double jeopardy clause, provides in part, "No person shall be put in jeopardy twice for the same offense." In *Richardson v. State,* 717 N.E.2d 32 (Ind.1999), our Supreme Court concluded that two or more offenses are the same offense in violation of Article I, Section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. *Id.* at 53. To find a double jeopardy violation under this test, we must conclude that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.* If we conclude that true findings in a delinquency adjudication violate double jeopardy principles, we have several avenues for remedying the problem. We may reduce either true finding to a less serious classification if that will eliminate the violation or, if it will not, we must vacate one of the true findings. *D.B. v. State,* 842 N.E.2d 399, 404 (Ind.Ct.App. 2006) (citing *Richardson,* 717 N.E.2d at 54).

As a preliminary matter, the State contends that there can be no double jeopardy violation in this case because "the double jeopardy prohibition against multiple punishments in the same case do[es] not apply to juvenile delinquency proceedings in which there is only one finding of delinquency and one disposition." Appellee's Br. p. 4. The State contends that this Court's decision in *D.B. v. State,* 842 N.E.2d at 403, is incorrect and should be revisited. *Id.* In *D.B.,* the State argued that where "there is only a single disposition based on all true findings in a juvenile adjudication, as opposed to separate sen-

---

1. When this case initially reached this Court on appeal, the juvenile court's dispositional orders lacked a signature from the juvenile court judge. We therefore remanded the cause to the juvenile court for the required signatures, retaining jurisdiction over the appeal pending action by the juvenile court.

*H.M. v. State,* No. 49A02–0707–JV–576, 881 N.E.2d 101 (Ind.Ct.App. Feb.19, 2008).

2. H.M. does not challenge any of the other true findings under cause numbers 4789 and 403.

tences for separate convictions [the juvenile] might have faced in the adult criminal system," double jeopardy is not implicated. *D.B.*, 842 N.E.2d at 403. We rejected this argument, citing *Breed v. Jones*, 421 U.S. 519, 531, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), for the proposition that double jeopardy protections attach to juvenile proceedings. *D.B.*, 842 N.E.2d at 403. The State now once again puts forward the argument that it made in *D.B.* It analogizes a juvenile delinquency proceeding—in which the court issues only one dispositional order regarding delinquency no matter how many true findings it issues—with the merger of adult criminal convictions and contends that, in both situations, a defendant faces only one punishment and therefore cannot face double jeopardy. Appellee's Br. p. 4.

■ We decline the State's invitation to revisit *D.B.* A history of juvenile adjudications is properly used by a trial court to enhance a defendant's sentence. *McDonald v. State*, 868 N.E.2d 1111, 1114 (Ind.2007). While a juvenile court may issue one delinquency disposition relating to multiple true findings, there may be penal consequences for an offender later in life relating to these multiple true findings. A trial court, when evaluating a defendant's criminal history, can look to the number of juvenile true findings and enhance the defendant's sentence based upon this history. *See Lacey v. State*, 755 N.E.2d 576, 578–79 (Ind.2001) (trial court found defendant's criminal history, consisting of four juvenile true findings, aggravating); *Hawkins v. State*, 748 N.E.2d 362, 364 (Ind.2001) (despite invalidity of other listed aggravating circumstances, concluding that defendant's criminal history, consisting of three juvenile true findings and an adult conviction, supported an enhanced sentence), *reh'g denied; Paschall v. State*, 825 N.E.2d 923, 926 (Ind.Ct.App.2005)

(noting four separate juvenile true findings and concluding that these supported an enhanced sentence), *trans. denied*. Given this important and significant impact that a juvenile history consisting of multiple true findings may have, double jeopardy principles attach where a juvenile faces multiple charges under a single adjudication (in this case, under cause number 403).

H.M. contends that the juvenile court used the same evidence to reach the true findings of attempted theft and battery. For the juvenile court to issue a true finding that H.M. committed what would be Class D felony attempted theft if committed by an adult, the court had to find that H.M., while "acting with the culpability required for commission of the crime, ... engage[d] in conduct that constitute[d] a substantial step toward commission of the crime," Ind.Code § 35–41–5–1, and "knowingly or intentionally exert[ed] unauthorized control over property of [D.O.], with intent to deprive [D.O.] of any part of its value or use," Ind.Code § 35–43–4–2; *see also* Appellant's App. p. 64. For the juvenile court to issue a true finding that H.M. committed what would be Class A misdemeanor battery if committed by an adult, the court had to find that H.M. "knowingly or intentionally touche[d] [D.O.] in a rude, insolent, or angry manner ... result[ing] in bodily injury" to D.O. Ind.Code § 35–42–2–1(a)(1)(A); *see also* Appellant's App. p. 64–65. "Bodily injury" is defined as "any impairment of physical condition, including physical pain." Ind. Code § 35–41–1–4.

We initially note that this case was tried before a judge, who is presumed to know the law and apply it correctly. *See In re H.M.C.*, 876 N.E.2d 805, 807 (Ind.Ct.App. 2007), *trans. denied*. H.M. argues that her act of pulling on D.O.'s necklace is the exact evidence that was used to support

the true findings regarding attempted theft and battery and that, therefore, her battery adjudication must be vacated. In support of her argument, she cites *Owens v. State*, 742 N.E.2d 538 (Ind.Ct.App.2001), *trans. denied*, wherein this Court found that a defendant's convictions for attempted robbery and battery violated Indiana's prohibition against double jeopardy. We explained:

> In this case, the attempted robbery and battery convictions arose from the same set of facts. Owens' conviction for attempted robbery could only have resulted from his striking of Officer Hamner, and his conviction for battery resulting in bodily injury to a police officer could only have resulted from the striking of Officer Hamner. Specifically, Owens' overt action of striking Officer Hamner in the head was required to convict Owens of both offenses.

*Id.* at 544. In this case, H.M.'s act in pulling on D.O.'s necklace was not required to enter true findings of attempted theft and battery because there was additional evidence of a battery to D.O. resulting in bodily injury. Although D.O. testified that she experienced pain when H.M. pulled on her necklace, Tr. p. 6, and did not testify that she felt pain or suffered an injury at any other point during the attack, an eyewitness (one of H.M.'s friends who participated in the altercation) testified that she observed H.M. "[p]ulling [D.O.'s] hair, smacking her and punching her," *id.* at 48. The witness described H.M.'s treatment of D.O. as "tortur[e]." *Id.* at 48, 51. Because we presume that the trial court properly applied the law and there is evidence that H.M. battered D.O. and caused her pain separate from pulling on her necklace, H.M.'s true findings for attempted theft and battery do not constitute double jeopardy under the actual evidence test.

 H.M. further argues that her true findings for attempted theft and battery violate Indiana's common law prohibition of double jeopardy. She contends that they violate the common law rule "prohibit[ing] '[c]onviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished.'" Appellant's Br. p. 5 (quoting *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind.2002)). However, we have just concluded that the true findings of attempted theft and battery are not predicated on the very same act. Thus, H.M.'s argument in this regard fails.

Affirmed.

SHARPNACK, SR., J., and BARNES, J., concur.