**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| E.I., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1403-JV-137 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Gary Chavers, Magistrate
Cause No. 49D09-1307-JD-2054

**October 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

STATEMENT OF THE CASE

E.I. appeals the juvenile court's determination that he is a juvenile delinquent for committing acts that, if committed by an adult, would have constituted child molesting as a Class B felony and child molesting as a Class C felony. Ind. Code § 35-42-4-3 (2007).[1] We affirm.

ISSUE

E.I. raises one issue, which we restate as: whether the court's determination that E.I. committed two acts of molestation violates the Indiana Constitution's prohibition against double jeopardy.

FACTS AND PROCEDURAL HISTORY

On June 21, 2013, thirteen year old E.I. visited his aunt and uncle at their house. His four year old cousin, K.M., was present. When they were alone in K.M.'s room, E.I. pulled down her pajama bottoms and her underwear. Next, "he put his winkie in [her] butt," and it hurt. Tr. p. 97. K.M. uses the word "winkie" when referring to a penis. E.I. also forced K.M. to "lick [his] butt," and it tasted like "Do do." *Id.* at 100, 101. E.I. told K.M. not to tell anyone.

Later that day, K.M.'s mother came home from work. K.M. told her mother, in her father's presence, that E.I. "was acting nasty." *Id.* at 145, 171. K.M.'s mother took E.I. and another child out of the house so that K.M.'s father could talk with her alone.

---

[1] We refer to the version of the statute that was in effect when E.I. committed the acts at issue.

K.M. told her father that E.I. "tried to put his winkie on my butt." *Id.* at 172. K.M.'s father had never heard her say anything like that before.

When K.M.'s mother returned to the house, K.M. told her that E.I. had put his "winkie" in her butt. *Id.* at 148. K.M.'s mother took her to the hospital, where a nurse examined K.M. K.M. said during the exam that "her butt hurt and that [E.I.] stuck his winkie in it." *Id.* at 191-92. The nurse noted redness in the vaginal area and a small tear on K.M.'s anus.

The State opened a juvenile case against E.I., alleging that he had committed four acts that, if committed by an adult, would constitute three counts of Class B felony child molesting and one count of Class C felony child molesting. The juvenile court conducted an evidentiary hearing. The court made true findings as to one allegation of Class B felony child molesting and one allegation of Class C felony child molesting. The court declined to enter true findings on the other two allegations of Class B felony child molesting. The court entered a dispositional order, and this appeal followed.

<u>DISCUSSION AND DECISION</u>

E.I. argues that the court's two true findings violate the Indiana Constitution's prohibition against double jeopardy. Article I, section 14 of the Indiana Constitution provides in relevant part, "No person shall be put in jeopardy twice for the same offense." Two or more offenses are the same offense if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Sloan v. State*, 947 N.E.2d 917, 924 (Ind. 2011).

3

E.I.'s double jeopardy claim is limited to the actual evidence test. Under that test, dual convictions cannot stand if a defendant demonstrates a reasonable possibility that the evidentiary facts used by the finder of fact to establish elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Id.* Application of this test requires a reviewing court to look at the evidence presented at trial and decide whether each challenged offense was established by separate, distinct facts. *Id.*

A person commits child molesting as a Class B felony by performing or submitting to sexual intercourse or deviate sexual conduct with a child under fourteen years of age. Ind. Code § 35-42-4-3(a). A person commits child molesting as a Class C felony by, with a child under fourteen years of age, performing or submitting to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person. Ind. Code § 35-42-4-3(b).

In this case, the judge was the finder of fact. Judges are presumed to know the law and apply it correctly. *H.M. v. State*, 892 N.E.2d 679, 682 (Ind. Ct. App. 2008), *trans. denied*.

K.M. testified that E.I. put his penis in her butt. She had also told her parents and a nurse that E.I. had put his penis in her butt, and the nurse observed a small tear on her anus. This evidence is sufficient to establish that E.I. committed an act that, if committed by an adult, would constitute Class B felony child molesting.

K.M. also testified that E.I. forced her to lick his butt, and that it tasted like "Do do." Tr. at 100, 101. This is sufficient evidence to establish the elements of Class C felony child molesting, and it is separate from the evidence that establishes the elements of Class B felony child molesting. In addition, during closing arguments the prosecutor noted that K.M. had made "multiple disclosures" and asked the court to issue true findings on each of the disclosures. *Id.* at 259, 260.

E.I. claims that during the evidentiary hearing, K.M. contradicted herself as to whether she actually licked E.I.'s butt. The record does not support this claim. K.M. clearly stated that E.I. forced her to lick his butt. K.M.'s mother testified that K.M. had told her that E.I. asked K.M. to lick his butt, and K.M. told him no. K.M.'s refusal to consent to sexual conduct does not contradict her testimony that E.I. forced her to submit.

K.M. also testified, in response to a question as to whether E.I. did "anything else to you that day that you didn't like, that involved body parts?" that "He didn't do nothing to me but put [his] winkie in my butt." *Id.* at 117. In this context, K.M.'s answer was focused on her own body and does not contradict her testimony that E.I. forced her to do something to him. In any event, any inconsistencies in the four year old witness's testimony were for the finder of fact to weigh and do not establish a reasonable possibility that the same evidence supported both allegations.

We conclude that the court's true findings for acts that would constitute Class B felony child molesting and Class C felony child molesting do not violate the actual evidence test, and there is no double jeopardy violation. *See H.M.*, 892 N.E.2d at 683 (witnesses' testimonies provided sufficiently separate evidence to sustain true findings

5

for attempted theft and battery); *Ward v. State*, 736 N.E.2d 265, 269 (Ind. Ct. App. 2000) (convictions for child molesting and attempted child molesting did not violate actual evidence test because there was evidence of two distinct sexual acts).

CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

BAILEY, J., and CRONE, J., concur.