## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Nov 06 2019, 10:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael C. Borschel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher L. Norfolk, *Appellant-Defendant,* | November 6, 2019 |
| | Court of Appeals Case No. 19A-CR-1387 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Helen W. Marchal, Judge |
| | Trial Court Cause No. 49G15-1804-F6-13997 |

**Altice, Judge.**

### Case Summary

[1] Christopher Norfolk appeals his conviction for Level 6 felony battery against a public safety official. His sole challenge is to the sufficiency of the evidence.

[2] We affirm.

**Facts & Procedural History**

[3] In the early morning hours of April 12, 2018, IMPD Detective Michael Rogers was working outside security at the Lava Lounge located in the Broad Ripple area of Indianapolis. Although he was working as an off-duty officer at the time, Detective Rogers retained the same police powers as on-duty officers, and he was dressed in his full IMPD bike uniform.

[4] Around 2:30 a.m., Detective Rogers became aware of an incident inside the Lava Lounge, so he stepped in to monitor the situation. Two bouncers were trying to get Norfolk to leave and were standing on either side of Norfolk as he leaned forward against the bar. Ronald Bell, the bouncer on his right, placed his hand on Norfolk's shoulder and explained to him that he needed to leave. Norfolk refused, and Detective Rogers observed "some back and forth banter that was being said as far as why he would not leave[.]" *Transcript* at 69.

[5] After a short time, Detective Rogers approached from behind Norfolk's left shoulder, placed his right hand on Norfolk's lower back to indicate his presence, and loudly told him, "hey it's time to go." *Id*. at 55. Norfolk responded, "get Ramon[,]" who was the manager of the Lava Lounge. *Id*. at 102. Norfolk then turned and "look[ed] directly at" Detective Rogers, who still

had his hand on Norfolk's back trying to escort him out. *Id.* at 69. Norfolk then shoved Detective Rogers in the chest with an open hand. This caused Detective Rogers to stumble back a few feet into a grouping of chairs, which kept him from falling to the ground. The bouncers grabbed Norfolk and forced him out of the Lava Lounge.

[6] Once outside, Bell held Norfolk to the ground as he struggled, and Detective Rogers attempted to handcuff Norfolk. Detective Rogers was only able to get one handcuff on Norfolk before he fought and got loose. A struggle ensued in the street between the two, and Detective Rogers was able to radio for backup before his radio came off and the men fell into the side of Detective Rogers's police car, causing a large dent. The second officer arrived and helped control and handcuff Norfolk.

[7] On April 30, 2018, the State charged Norfolk with Level 6 felony battery against a public safety official (Count I), Class A misdemeanor resisting law enforcement (Count II), Class B misdemeanor criminal mischief (Count III), and Class B misdemeanor disorderly conduct (Count IV). On motion by the State, Counts III and IV were dismissed before trial. A jury trial was held on March 27, 2019, and Norfolk was found guilty of the remaining charges. The trial court, however, entered judgment of conviction only on Count I, citing double jeopardy concerns. On May 16, 2019, the trial court sentenced Norfolk to 365 days with 363 days (all but time already served) suspended to probation. Norfolk now appeals, challenging the sufficiency of the evidence.

## Discussion & Decision

[8] "Convictions should be affirmed unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *T.H. v. State*, 92 N.E.3d 624, 626 (Ind. 2018). Thus, when reviewing the sufficiency of the evidence on appeal, we must consider only the probative evidence and reasonable inferences supporting the conviction, and we should not assess witness credibility or weigh the evidence. *See Moore v. State*, 27 N.E.3d 749, 754 (Ind. 2015). The trier of fact is entitled to determine which version of the incident to credit by resolving conflicts in the evidence and deciding which witnesses to believe or disbelieve. *See Murray v. State*, 761 N.E.2d 406, 409 (Ind. 2002); *Scott v. State*, 867 N.E.2d 690, 695 (Ind. Ct. App. 2007), *trans. denied*.

[9] On appeal, Norfolk directs us to his own testimony that contradicted Detective Rogers's testimony in certain respects. Norfolk testified that when he was touched from behind by Detective Rogers, Norfolk reacted by "nudging his arm back[,]" which he alleges was a "natural reaction" under the circumstances. *Appellant's Brief* at 11. Norfolk also claims that he was unaware that Detective Rogers was a police officer "since he could not see him over his shoulder and because Det. Rogers – by his own admission – failed to identify himself to Mr. Norfolk." *Id*. at 12.

[10] We reject Norfolk's invitation to reweigh the evidence. The evidence favorable to the conviction reveals that Detective Rogers approached Norfolk in full police uniform and asked him to leave the establishment, which a bouncer had

already requested of Norfolk to no avail. According to Detective Rogers, Norfolk demanded to speak with the manager and then turned toward Detective Rogers, looking directly at him, and shoved Detective Rogers in the chest, pushing him back several feet. This evidence amply establishes that Norfolk committed the offense of battery against a public safety official. That is, Norfolk knowingly or intentionally touched Detective Rogers in a rude, insolent, or angry manner while Detective Rogers, a public safety official, was engaged in his official duty. *See* Ind. Code § 35-42-2-1(c), (e)(2).[1]

[11] Moreover, while the jury could reasonably infer that Norfolk knew that Detective Rogers was a police officer when he looked at him in full uniform before shoving him, this was not a required finding. In *Owens v. State*, 742 N.E.2d 538 (Ind. Ct. App. 2001), *trans. denied*, the defendant had been convicted of battering an undercover police officer and, on appeal, challenged the sufficiency of the evidence on the basis that the State failed to prove beyond a reasonable doubt that he knew his victim was a law enforcement officer. Looking to Ind. Code § 35-41-2-2(d)[2] in conjunction with the battery statute, we concluded: "The conduct prohibited in a battery is the rude, insolent, or angry touching, and this is the conduct that must be done knowingly or intentionally

---

[1] Pursuant to subsection (e)(2) of the battery statute, a battery offense is elevated from a Class B misdemeanor to a Level 6 felony if it is "committed against a public safety official while the official is engaged in the official's official duty."

[2] "Unless the statue defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element *of the prohibited conduct*." *Id.* (emphasis added).

by the actor." *Owens*, 742 N.E.2d at 543; *see also Markley v. State*, 421 N.E.2d 20, 21 (Ind. Ct. App. 1981) ("'[P]rohibited conduct' and 'element' within IC 35-41-2-2(d) are not synonymous. If the legislature had intended culpability to apply to every material element, the phrase 'of the prohibited conduct' would be superfluous."); *cf. Leonard v. State*, 73 N.E.3d 155, 162 (Ind. 2017) ("Though the victims' identities were material elements of the offense, the identities are not part of the prohibited conduct."). Thus, we concluded that although "bodily injury to a law enforcement officer" was a material element of the charged offense, serving as an aggravating circumstance increasing the penalty for the battery, the element could be proven "without proof of any culpability separate from the culpability required for the conduct elements of the offense." *Owens*, 742 N.E.2d at 543.

[12]  We reach the same conclusion in this case. That is, the State was not required to prove Norfolk knew that Detective Rogers was a public safety official when Norfolk pushed him. To establish this aggravating circumstance, it was enough for the State to prove beyond a reasonable doubt that Detective Rogers was a public safety official engaged in his official duty when Norfolk committed the battery, facts which Norfolk does not dispute.[3]

---

[3] The vast majority of the aggravating circumstances listed in the battery statute do not include a mens rea, but there are exceptions. For example, a battery offense may be elevated to a Level 6 felony if it "results in bodily injury to a pregnant woman if the [defendant] *knew* of the pregnancy. I.C. § 35-42-2-1(g)(3) (emphasis added); *see also* I.C. § 35-42-1(f) (offense elevated if the defendant "knew or recklessly failed to know that the bodily fluid or waste placed on another person was infected with hepatitis, tuberculosis, or human

Judgment affirmed.

Brown, J. and Tavitas, J, concur.

---

immunodeficiency virus"). Thus, the Legislature can and does include a mens rea within an element establishing an aggravating circumstance where one is intended.