**Kevin MARKLEY, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 2–1180A386.

Court of Appeals of Indiana,
Second District.

May 28, 1981.

---

Boonstra, Chovanec & Truitt by Michael W. Lautzenheiser, Markle, for appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Appellant Kevin Markley appeals his conviction of the offense of ·Battery, Class C felony. IC 35–42–2–1 (Burns Code Ed., Supp.1980).

We affirm.

Markley first alleges the trial court erred by refusing to give a *portion* of his tendered final instruction No. 1 to the jury. The instruction in its entirety was submitted to the trial court for consideration; the instruction as a whole was refused. Thus, the trial court could err only if it did so in refusing the instruction as a whole as it was tendered by Markley. However, Markley does not now argue, nor did he argue in his motion to correct errors, that the entire instruction was erroneously refused.

Therefore, we must, and do, conclude that Markley agrees the trial court properly refused to give the instruction as it was tendered.[1]

Markley next contends the court erred in granting the state's motion in limine which precluded reference to the penalties for the offense of Battery. He argues that, because the Indiana Constitution provides the jury shall determine the law and the facts, they must be informed of the penalties which could be imposed. This argument was rejected in *Debose v. State*, (1979) Ind., 389 N.E.2d 272.

Markley also argues the state failed to carry its burden of proving he intentionally or knowingly inflicted serious bodily injury.

Two statutes must be considered. IC 35–41–2–2(d) (Burns Code Ed., Repl. 1979) provides that if a kind of culpability is required for commission of an offense that culpability is required with respect to every material element of the *prohibited conduct.* IC 35–42–2–1 (Burns Code Ed., Repl.1979) provides that a person who knowingly or intentionally touches another in a rude, insolent or angry manner commits battery, a Class C felony, if it results in serious bodily injury. The conduct prohibited in a battery is the rude, insolent, or angry touching and that conduct must be knowingly or intentionally done by the actor. "Serious bodily injury" is indeed an element of the offense of battery and it must be proved beyond a reasonable doubt before there can be a conviction. However, "prohibited conduct" and "element" within IC 35–41–2–2(d) are not synonymous. If the legislature had intended culpability to apply to every material element, the phrase "of the prohibited conduct" would be superfluous. Rather, we hold the element of "serious bodily injury" is an aggravating circumstance which, if proved beyond a reasonable doubt, increases the penalty for the offense committed without proof of any culpability separate from the culpability required for the conduct elements of the offense. Thus the legislature determined the aggravating circumstance by itself was sufficient to increase the gravity of the offense because of the increased

---

1. The trial court could also have properly refused the portion of the instruction which Markley claims was erroneously refused had it been separately tendered on the authority of *Faught v. State,* (1979) Ind., 390 N.E.2d 1011; *McAdams v. State,* (1948) 266 Ind. 403, 81 N.E.2d 671; *Ball v. State,* (1980) Ind.App., 406 N.E.2d 305.

injury or threat of injury represented by that circumstance. This reasoning, coupled with the battery statute's failure to require the result of a battery must be intended,[2] leads us to the conclusion that IC 35–41–2–2(d) does not apply to the "serious bodily injury" element of a Class C battery.

Thus, the state was not required to prove that Markley intended to inflict serious bodily injury.

Markley further argues the state failed to prove that the touching was done in a rude, insolent or angry manner and that Markley did not act in self-defense.

The evidence most favorable to the state follows:

■ In the evening of February 23, 1980, Markley and Terry Ivins scuffled in a tavern in Bluffton, Indiana. Thereafter Markley, while a passenger in an automobile driven by Dale Higdon, observed Ivins in a vehicle and convinced Higdon to follow the Ivins vehicle. During the pursuit the two vehicles collided. Ivins drove on without stopping and subsequently pulled into the driveway of his home. Higdon's vehicle arrived seconds later. The two cars were parked side by side, far enough apart for the doors to open.

Before Ivins could get out of his vehicle, Markley was standing beside it. As Ivins was getting out, Markley grabbed him, with both arms around his midsection. A struggle ensued during which the men struck both cars and eventually fell to the ground. Both car doors remained open during the struggle. As a result of the struggle, Ivins suffered a skull fracture which required surgery.

From this evidence a jury could reasonably find beyond a reasonable doubt that Markley grabbed Ivins in a rude, insolent, or angry manner and that Markley was the instigator of the struggle and did not act in self-defense.

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.

<hr>

2. The legislature could have defined a Class C felony battery as a rude, insolent, or angry

touching with intent to commit serious bodily injury.