932 N.E.2d 236 (2010)
D.H., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 49A05-1002-JV-92.
Court of Appeals of Indiana.
August 11, 2010.
*237 Michael E. Caudill, Indianapolis, IN, Attorney for Appellant.
Gregory F. Zoeller, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
BAKER, Chief Judge.
Here, a juvenile was in a school classroom and got into an altercation with another student. As his teacher attempted to separate the students, D.H. threw a punch at the other student but struck his teacher instead. The juvenile court found that D.H. committed the equivalent of battery against his teacher, and D.H. now argues that the evidence does not support a conclusion that he knowingly or intentionally struck his teacher. We disagree, and find that the doctrine of transferred intent supports the delinquency finding.
Appellant-respondent D.H. appeals the juvenile court's finding that he committed an act that would have been Battery,[1] a class D felony, had it been committed by an adult. D.H. contends that there is insufficient evidence supporting the conclusion that he intended to strike his teacher. Finding sufficient evidence, we affirm.

FACTS
On August 17, 2009, fourteen-year-old D.H. was at school in Indianapolis. He was in a classroom with fellow students and their teachers, Joanne Cornett and Cheryl Miller Andrews. D.H. and another student began to exchange angry words, and the other student began taunting D.H. Andrews decided to move D.H. to another part of the room to deescalate the situation and Cornett decided to eject the other student from the classroom. As Cornett reached for the doorknob, D.H. threw a punch at the other student, hitting Cornett in the head, causing her pain, and bringing her to her knees.
On March 9, 2009, the State filed a petition alleging D.H. to be a delinquent child for acts that would have been class D felony battery on a school employee and class B misdemeanor disorderly conduct if D.H. had been an adult. Following the hearing on the petition, which began on December 3, 2009, the juvenile court found both allegations to be true. On January 14, 2010, the juvenile court ordered that D.H. be placed on probation with special conditions. D.H. now appeals.

DISCUSSION AND DECISION
The only argument that D.H. makes on appeal is that there is insufficient evidence establishing that he knowingly or intentionally struck Cornett. As in adult criminal cases, a finding by a juvenile court that a child committed a delinquent act must be based upon proof beyond a reasonable doubt. Ind.Code § 31-37-14-1. In assessing challenges to the sufficiency of the evidence supporting a finding of delinquency, we will neither *238 reweigh the evidence nor assess witness credibility, looking instead to the evidence and reasonable inferences therefrom that support the judgment. J.S. v. State, 843 N.E.2d 1013, 1016 (Ind.Ct.App.2006). If there was evidence of probative value from which a reasonable factfinder could find the respondent delinquent beyond a reasonable doubt, then we will affirm. Id.
To support the allegation that D.H. committed an act that would have been class D felony battery had it been committed by an adult, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally touched Cornett, an employee of a school corporation, in a rude, insolent, or angry manner, while Cornett was engaged in the execution of her official duty, causing Cornett bodily injury. I.C. § 35-42-2-1(a)(2)(G). D.H. does not dispute that he battered his teacher, who was acting in the course of her duties, causing her pain. He only disputes the element of intent.
D.H. admits that he threw a punch, but emphasizes that it is undisputed that he intended to strike the other student, rather than Cornett. We agree with the State, however, that the doctrine of transferred intent supports the juvenile court's delinquency finding. It has long been held that "[t]he fact that [the defendant] did not strike his intended victim but instead injured another is not a defense. We have found in similar cases that the defendant's intent is transferred from the person against whom it was directed to the person actually injured." Tucker v. State, 443 N.E.2d 840, 842 (Ind.1983). Here, because D.H. admitted that he intended to punch the other student, the fact that he instead mistakenly struck Cornett cannot act as a defense.
D.H. argues that the transferred intent cases are inapposite to the matter at hand because in those cases, the doctrine was applied to crimes that were charged at the same or lower punishment level as the crime originally intended to be committed. Here, in contrast, if D.H. had struck the other student, he would merely have committed the equivalent of a class A or class B misdemeanor battery. But because he struck a teacher instead, D.H.'s act was elevated to a class D felony. Under these circumstances, D.H. contends that the doctrine of transferred intent should not apply.
Although compelling at first glance, we do not find this argument to be wholly persuasive. As the State points out, Indiana Section 35-41-2-2(d) provides that the level of culpability required for the commission of an offense is required with respect to "every material element of the prohibited conduct." (Emphasis added). We have held that "prohibited conduct" and "element" are not synonymous; thus, the culpability requirement applies only to the conduct of the statute. Markley v. State, 421 N.E.2d 20, 21-22 (Ind.Ct.App. 1981).
Specifically with respect to the battery statute, the culpability requirement applies only to the conduct elementstouching another in a rude, angry, or insolent manner. Id. In contrast, aggravating circumstances that increase the penalty for the crime must be proved beyond a reasonable doubt but do not require proof of culpability. Id. (finding that the culpability requirement did not apply to the aggravating circumstance of "serious bodily injury," enhancing a battery to a class C felony); see also Owens v. State, 742 N.E.2d 538, 542-43 (Ind.Ct.App.2001) (finding that "bodily injury to a law enforcement officer" is an aggravating circumstance of battery that "increases the penalty for the offense committed without proof of any culpability separate from the *239 culpability required for the conduct elements of the offense").
We find that the fact that the victim of a battery is a school employee in the course of her duties is akin to a battery causing a serious bodily injuryit is an aggravating circumstance that increases the penalty for the crime. Thus, while the State is required to prove this fact beyond a reasonable doubt, it need not prove that D.H. acted with the requisite culpability with respect to this fact.
In other words, the State is not required to prove that D.H. knowingly or intentionally struck his teacher. Instead, the State is required to prove beyond a reasonable doubt that D.H. knowingly or intentionally struck someone, and then prove beyond a reasonable doubt that the victim happened to be a teacher in the course of her duties, elevating the act to the equivalent of a class D felony. Inasmuch as D.H. admits that he threw a punch, intending to hit another student, and mistakenly struck his teacher instead, we find that the evidence is sufficient to support the juvenile court's finding of delinquency.
The judgment of the juvenile court is affirmed.
NAJAM, J., and MATHIAS, J., concur.
NOTES
[1] Ind.Code § 35-42-2-1.