**FOR PUBLICATION**



FILED

Feb 25 2013, 9:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSE MALDONADO-MORALES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1205-CR-255 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-0911-FD-000246

February 25, 2013

**OPINION - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Jose Maldonado-Morales appeals his conviction of domestic battery in the presence of a child, a Class D felony. Ind. Code § 35-42-2-1.3 (2006).

We affirm.

## ISSUE

The sole issue in this appeal is whether the trial court abused its discretion when it instructed the jury on the doctrine of transferred intent.

## FACTS AND PROCEDURAL HISTORY

In November 2009, Maldonado-Morales was involved in an altercation with his ex-wife and mother of his child, Ana Justo, and Justo's boyfriend, Victor Ortega. Late in the evening, Maldonado-Morales went to Justo's apartment and left a note on her truck. Thinking Maldonado-Morales had gone, Justo and Ortega went outside to retrieve the note; however, Maldonado-Morales had not gone but had remained in the parking lot. Maldonado-Morales and Ortega began arguing. When Justo saw the two men approach each other, she stepped in between them. Ortega and Maldonado-Morales began to hit one another, and Maldonado-Morales punched Justo, causing her to fall to the ground and cut her ankle. The toddler daughter of Maldonado-Morales and Justo was present for the entire altercation.

Based upon this incident, Maldonado-Morales was charged with domestic battery in the presence of a child as a Class D felony. At Maldonado-Morales' jury trial, the court instructed the jury on transferred intent. Maldonado-Morales objected to the

2

instruction, but the trial court overruled the objection. The jury returned a verdict of guilty, and Maldonado-Morales was sentenced to two years with all but 116 days suspended. It is from this conviction that he appeals.

## DISCUSSION AND DECISION

Maldonado-Morales contends that the trial court erroneously instructed the jury as to transferred intent. We review the trial court's decisions on instruction of the jury for an abuse of discretion. *Treadway v. State*, 924 N.E.2d 621, 636 (Ind. 2010). When determining whether a trial court erroneously gave or refused to give a tendered instruction, we consider the following: (1) whether the tendered instruction correctly states the law; (2) whether there was evidence presented at trial to support the giving of the instruction; and (3) whether the substance of the tendered instruction was covered by other instructions that were given. *Mayes v. State*, 744 N.E.2d 390, 394 (Ind. 2001). We will reverse a conviction only if the appellant demonstrates that the instructional error prejudices his substantial rights. *Treadway*, 924 N.E.2d at 636.

Maldonado-Morales' claim of error with regard to the transferred intent instruction is that the instruction incorrectly stated the law. The instruction stated, in relevant part:

> If one intends to injure a person and by mistake or inadvertence injures another person, his intent is transferred from the person to whom it was directed to the person actually injured and he may be found guilty of domestic battery.

Appellant's App. p. 27. In a muddled argument, Maldonado-Morales appears to claim that the transferred intent instruction was improper in this case because domestic battery

3

(the offense he committed by hitting Justo) and battery (the offense he would have committed had he hit Ortega) are distinct offenses that require a different mens rea such that transferred intent cannot apply.

Maldonado-Morales' assertion is similar to the claim raised by the respondent in *D.H. v. State*, 932 N.E.2d 236 (Ind. Ct. App. 2010). In that case, D.H., a juvenile, engaged in an altercation with another student at school. When D.H. attempted to punch the other student, he struck a teacher instead. The juvenile court found that D.H. committed an act that would be a D felony battery if committed by an adult. On appeal, D.H. asserted that the doctrine of transferred intent should not apply in his case because striking the other student would have amounted to a Class A or Class B misdemeanor, while striking the teacher elevated the offense to a Class D felony.

In *D.H.*, this Court noted that Indiana Code section 35-41-2-2(d) (1977) provides that the level of culpability required for the commission of an offense is required with respect to "every material element of the prohibited conduct" and that the terms "prohibited conduct" and "element" are not synonymous. *D.H.*, 932 N.E.2d at 238. Therefore, the culpability requirement applies only to that conduct which is prohibited by the statute. *Id.* (citing *Markley v. State*, 421 N.E.2d 20, 21-22 (Ind. Ct. App. 1981)). Thus, the Court held that, with respect to the battery statute, the culpability requirement of "knowingly or intentionally" applies only to the prohibited conduct elements of touching another in a rude, angry, or insolent manner. *Id.* The Court further held that aggravating circumstances that increase the penalty for the crime, such as bodily injury to

4

a school employee in the course of her duties, must be proved beyond a reasonable doubt but *do not require separate proof of culpability*. *Id.* Therefore, the State was required to prove beyond a reasonable doubt that D.H. knowingly or intentionally struck a person in a rude, insolent, or angry manner. Then, in order to elevate the act to a Class D felony, the State was required to prove beyond a reasonable doubt that the person that was struck was a school employee in the course of her duties. *Id.* at 239.

Turning to the instant case, we apply the reasoning in *D.H.* to the facts before us. Both the offense of battery, as set forth in Indiana Code section 35-42-2-1 (2009), and the offense of domestic battery, as set forth in Indiana Code section 35-42-2-1.3, prohibit touching another in a rude, insolent, or angry manner. In addition, the culpability requirement in both statutes is the same: knowing or intentional. *See* Ind. Code §§ 35-42-2-1, -1.3. Pursuant to Indiana Code section 35-41-2-2(d) and the holding in *D.H.*, the required culpability in both statutes (i.e., knowingly or intentionally) applies only to the prohibited conduct elements of touching another in a rude, insolent, or angry manner. Thus, here, the State was required to prove beyond a reasonable doubt that Maldonado-Morales knowingly or intentionally touched a person in a rude, insolent, or angry manner.

The element in the present case that sets domestic battery apart from a general battery is the requirement that the person touched (1) is or was a spouse of the other person, (2) is or was living as if a spouse of the other person, or (3) has a child in common with the other person. *See* Ind. Code § 35-42-2-1.3(a). This is an additional element akin to the aggravating circumstances discussed in *D.H.* 932 N.E.2d at 239. A

5

second additional element present in this case is the commission of the offense in the presence of a child.  *See* Ind. Code § 35-42-2-1.3(b)(2); *see also* Appellant's App. 72.  This element is an aggravating circumstance of domestic battery that increases the penalty for the crime to a D felony.  *See* Ind. Code § 35-42-2-1.3(b)(2).  Both of these additional elements require proof beyond a reasonable doubt but do not require proof that Maldonado-Morales acted knowingly or intentionally with regard to these facts.  In summary then, the State was required to prove beyond a reasonable doubt that Maldonado-Morales knowingly or intentionally struck a person, and then prove beyond a reasonable doubt that the person that was struck is or was the spouse of Maldonado-Morales and that Maldonado-Morales committed the offense in the presence of a child.

Thus, the two offenses of battery and domestic battery do not require a different mens rea as suggested by Maldonado-Morales; rather, both offenses require a showing beyond a reasonable doubt of a "knowing or intentional" touching in a rude, insolent, or angry manner.  The additional elements are facts that the State must prove beyond a reasonable doubt; however, there is no requirement that the state prove that Maldonado-Morales acted knowingly or intentionally as to the status of the victim or the presence of a child.

CONCLUSION

For the reasons stated, we conclude that the trial court did not abuse its discretion by instructing the jury as to the doctrine of transferred intent.

Affirmed.

NAJAM, J., and CRONE, J., concur.