**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ERIN L. BERGER**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 17 2014, 9:59 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| K.P., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 87A04-1307-JV-384 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause No. 87C01-1202-JD-51

**April 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

The juvenile court adjudicated K.P. a delinquent for committing two acts that would be child molesting if committed by an adult. K.P. appeals his adjudication, raising the sole issue of whether the State presented sufficient evidence to support the juvenile court's finding. Concluding there is sufficient evidence to support the delinquency adjudication, we affirm.

## Facts and Procedural History

K.P.'s and S.P.'s fathers are brothers. The brothers each have a child with the same woman, so in addition to being cousins, K.P. and S.P. share a half-brother. Although acknowledging there was "quite a family history" between the two families, Fact-Finding Transcript at 56, S.P.'s mother loved K.P. and considered him a part of her family. It was customary for K.P. to spend several nights a week at S.P.'s house. On one such night in the summer of 2010, when K.P. was fourteen years old and S.P. was ten, K.P. and a friend who was with him that night invited S.P. to join them in a game of truth or dare. As part of the game, K.P. and S.P. shared a kiss. On subsequent visits thereafter, K.P. entered S.P.'s bedroom after her parents had gone to bed. Initially, K.P. touched and fondled S.P. "everywhere" with his hands and later, with his penis. Id. at 16. Eventually, the touching progressed to intercourse. The encounters happened "well over fifty times," id. at 23, until S.P. told her mother in early 2012. S.P.'s mother reported the abuse to the police, and S.P. was interviewed at a local advocacy center for victims of sex crimes. Prior to S.P.'s disclosure, her mother had noticed her behavior was becoming increasingly aggressive. After the abuse was reported, S.P. began having anxiety attacks and had to change schools.

The State filed a delinquency petition against K.P. alleging that he was a delinquent child for having committed the following acts: child molesting as a Class B felony pursuant to Indiana Code section 35-42-4-3(a) for performing or submitting to sexual intercourse with a child under fourteen years of age; and child molesting as a Class C felony pursuant to Indiana Code 35-42-4-3(b) for performing or submitting to any fondling or touching with a child under fourteen with the intent to arouse or satisfy sexual desires. The juvenile court held a fact-finding hearing at which S.P. and her mother both testified and a video recording of S.P.'s interview at the advocacy center was introduced into evidence and played for the court. K.P. offered the testimony of a mutual friend of his and S.P.'s to the effect that S.P. had told her the accusations were false because S.P.'s mother wanted K.P. out of her house. The juvenile court issued an order finding K.P. to be delinquent for having committed the acts alleged. K.P. now appeals.

Discussion and Decision

I. Standard of Review

Just as in a case finding that an adult has committed a crime, a finding that a juvenile has committed a delinquent act must be based upon proof beyond a reasonable doubt. Ind. Code § 31-37-14-1. When a juvenile challenges the sufficiency of that proof, we neither reweigh the evidence nor assess the credibility of the witnesses. D.H. v. State, 932 N.E.2d 236, 237-38 (Ind. Ct. App. 2010). We look to the evidence and reasonable inferences supporting the judgment, and if there is evidence of probative value from which a reasonable fact finder could find the juvenile delinquent beyond a reasonable doubt, we will affirm. Id.

3

Where, as here, the juvenile alleges that the evidence is not only insufficient, but also "so incredibly dubious and inherently improbable that no reasonable person could believe it," Brief of Appellant at 6, however, we may apply the "incredible dubiosity" rule to impinge upon the fact finder's assessment of witness credibility, Turner v. State, 953 N.E.2d 1039, 1059 (Ind. 2011). "Application of this rule is very narrow and permitted only where a sole witness presents inherently contradictory testimony that is equivocal or coerced and there is a lack of circumstantial evidence of guilt." Id. (quotation omitted).

## II. Sufficiency of Evidence

K.P. argues the evidence is insufficient to support his adjudication because the only evidence regarding any elements of the crime comes from the testimony of the victim and her testimony was inconsistent "regarding such topics as who locked the bedroom door, whether she was standing or lying down during the alleged acts, [and] whether [K.P.] used a condom . . . ." Brief of Appellant at 6. He also argues there is evidence of a strained relationship between K.P.'s and S.P.'s families supporting a finding that S.P.'s testimony was the result of coercion by her mother.

We acknowledge some inconsistencies and equivocations in S.P.'s testimony. However, S.P. was not testifying to just one act, but to "well over fifty" acts of molestation. Although K.P. may have locked her bedroom door most of those times, there is nothing "inherently improbable" about S.P. being unsure if he did so every time. Likewise, S.P.'s testimony that there were times when the acts were committed while they were standing up and times when they were laying down or her testimony that K.P. sometimes but not always wore a condom is not inherently improbable or inconsistent

4

given the number of acts alleged. As for the relationship between the families leading to coerced testimony, K.P.'s characterization of the families' relationship as "rocky" and "strained" causing S.P.'s mother to want him out of her home may be supported by his friend's testimony in his defense, but it is refuted by S.P.'s mother's testimony. Brief of Appellant at 5-6. The conflict between K.P.'s friend's testimony and S.P.'s mother's testimony is a matter of credibility as between those witnesses for the fact finder to sort out rather than a showing that S.P.'s testimony was coerced. K.P. has not shown S.P.'s testimony to be so improbable that no reasonable person could believe it, and he is therefore not entitled to the application of the incredible dubiosity rule.

Based upon our review of the evidence and testimony most favorable to the adjudication, we conclude that sufficient evidence exists from which the juvenile court could find K.P. had committed the acts alleged beyond a reasonable doubt. S.P. testified that she was nearly thirteen at the time of the fact-finding hearing, that beginning when she was ten, K.P. touched her breasts and vaginal area with his hands, and that he eventually began inserting his penis into her vagina and anus. This is sufficient evidence to prove the acts of child molesting alleged.

## Conclusion

The State presented sufficient evidence to support the juvenile court's adjudication of K.P. as a delinquent for committing acts which would be child molesting if committed by an adult. The adjudication is affirmed.

Affirmed.

BARNES, J. and BROWN, J., concur.

5