# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision is not binding precedent for any court and may be cited only for persuasive value or to establish res judicata, collateral estoppel, or law of the case.

 

FILED

Oct 09 2025, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

## IN THE
# Court of Appeals of Indiana

Brent M. Maxwell,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

October 9, 2025

Court of Appeals Case No.
24A-CR-2564

Appeal from the Tippecanoe Superior Court

The Honorable Randy J. Williams, Judge

Trial Court Cause No.
79D01-2307-F3-22

---

**Memorandum Decision by Judge Scheele**
Judges May and Weissmann concur.

**Scheele, Judge.**

## Case Summary

[1] Brent Maxwell appeals his convictions for attempted aggravated battery and conspiracy to commit aggravated battery arising from drive-by shootings at three homes in May 2023. Maxwell argues the evidence was insufficient to prove he acted with the requisite mens rea of "knowingly or intentionally" toward the specific victims named in the charges.

[2] The evidence at trial established that Maxwell participated in shooting at three houses but never saw any of the nine individuals he was charged with attempting to batter. There was no testimony that Maxwell knew these specific victims were present in the homes or where they were located within the residences. The State presented no evidence of statements by Maxwell indicating intent to harm any of the charged victims. Instead, the State's theory at trial focused on Maxwell's intent to shoot at the houses themselves, asking the jury to infer intent to batter the specifically named occupants from the act of shooting into occupied dwellings.

[3] After reviewing the evidence in the light most favorable to the verdict, we conclude that no reasonable fact-finder could determine beyond a reasonable doubt that Maxwell acted with knowing or intentional culpability to inflict injury upon the nine named victims whose presence was completely unknown to him. While Maxwell's conduct clearly supports his convictions for criminal recklessness, the evidence was insufficient to establish the higher mens rea

required for attempted aggravated battery. We therefore reverse Maxwell's attempted aggravated battery convictions and related conspiracy convictions, and remand for resentencing.

## Facts and Procedural History

On the night of May 17, 2023, seventeen-year-old Maxwell met up with Eliel Sanchez, Alexis Leming, and I.P. The four planned to drive to various houses in Tippecanoe County and "shoot at [them]." Tr. Vol. II p. 235. Sanchez drove, with Leming in the passenger seat. Maxwell and I.P. were in the back seat, armed with a "nine-millimeter Glock" and a "45 caliber American tactical." [1] *Id.* at 237.

The group first drove to 3107 Kilbourne Court, the home of K.R. Maxwell chose to target this house because he "wanted to get [K.R.]." *Id.* at 236. Maxwell and I.P. fired shots at the home, and at least one of the bullets pierced through a bedroom. Although K.R. was not home, three of his family members—Brett Rossetter, Kylie Rossetter, and Terri Brown—were. None of the three occupants were physically harmed in the shooting. Maxwell then instructed Sanchez to drive to 4422 South 9th Street, to "target" a man named "Brian." *Id.* at 243. However, Maxwell had the wrong address: the home actually belonged to Carlos and Cody Garcia, who were both inside. Maxwell

---

[1] The record does not indicate which firearm Maxwell shot with.

and I.P. shot at the home multiple times, missing the Garcias but causing holes in the walls and shattering the sliding glass door. The group then picked up another friend, Cornelius Bunch, and drove to 2525 Central Street, where Bunch and I.P. fired at the house. At least two bullets went through the house, shattering a mirror and damaging walls. Four residents of 2525 Central St. were home but unharmed.

[6] The next day, officers with the Lafayette Police Department received a tip regarding Leming's involvement in the shootings. After speaking with Leming, officers arrested Maxwell and the other members of the group. The State charged Maxwell with nine counts of Level 3 felony attempted aggravated battery—one "for each of the victims inside the houses" (three in Kilbourne Ct., two in 9th St, and four in Central St.). *Id.* at 113.[2] He was also charged with three counts of Level 5 felony criminal recklessness and three counts of Level 3 felony conspiracy to commit aggravated battery.

[7] A jury trial was held in August 2024. Both Leming and Sanchez testified as to the events of that night. Neither testified that any of the people in the car knew who was in the homes or intended those people to be shot. At closing, the State argued Maxwell acted "knowingly or intentionally" based on "the circumstances surrounding all of these shootings," including Maxwell meeting with his companions, directing them on where to go, and firing into the

---

[2] The State originally filed a delinquency petition due to Maxwell's age. The State later filed a motion to waive jurisdiction to adult court, which was granted.

residences. Tr. Vol. III p. 147. The State argued these actions were committed "without regard for the people inside putting their lives at risk." *Id.* at 149. The jury found Maxwell guilty of all counts except for one count of conspiracy to commit aggravated battery (involving Central St.). The trial court sentenced him to an aggregate sentence of twenty years, with sixteen years executed in the Indiana Department of Correction and four years suspended to probation. Maxwell now appeals.

## Discussion and Decision

[8] Maxwell challenges whether there was sufficient evidence to convict him of attempted aggravated battery and conspiracy to commit aggravated battery.[3] Our standard of review is well settled:

> For sufficiency of the evidence challenges, we consider only probative evidence and reasonable inferences that support the judgment of the trier of fact. On sufficiency challenges, we will neither reweigh evidence nor judge witness credibility. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Hall v. State*, 177 N.E.3d 1183, 1191 (Ind. 2021) (citations omitted).

[9] Maxwell's argument is the same for the attempted aggravated battery and conspiracy convictions. He asserts there is insufficient evidence to show he

---

[3] Maxwell also challenges his convictions under double jeopardy and the appropriateness of his sentence. Because we are reversing the relevant convictions and remanding for resentencing, we need not address these issues.

acted "with knowing or intentional culpability." Appellant's Br. p. 14. To convict Maxwell of attempted aggravated battery, the State was required to prove he engaged in conduct that constituted a substantial step toward knowingly or intentionally inflicting an injury on a person that created a substantial risk of death. Ind. Code § 35-42-2-1.5 (2014); § 35-41-5-1(a) (2014). As for the conspiracy to commit aggravated battery convictions, a person "conspires to commit a felony when, with intent to commit the felony, the person agrees with another person to commit the felony." Ind. Code § 35-41-5-2(a) (2014). Put differently, to convict Maxwell of conspiracy to commit aggravated battery, the State had to prove that Maxwell agreed with his friends "to knowingly or intentionally inflict an injury" on the victims that would cause a substantial risk of death and he took a step in furtherance of that agreement. *Seketa v. State*, 817 N.E.2d 690, 696 (Ind. Ct. App. 2004). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a) (1977). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b) (1977).

[10] Maxwell contends the State cannot show he knowingly attempted or conspired to commit aggravated battery against the charged victims. As noted above, even with the lesser mens rea of "knowingly," the State was required to prove Maxwell was aware of a high probability that, in shooting at the houses, he would be inflicting injury on a person. Specifically, here, the State charged Maxwell with knowingly or intentionally attempting to commit or conspiring to

commit aggravated battery against nine named individuals. For example, in Count III, the State asserted Maxwell "did, with the intent to commit Aggravated Battery, attempt to commit aggravated battery" in part by "discharg[ing] a firearm into the interior of the residence where Kylie Rossetter . . . [was] located" and "said act created a substantial risk of death to Kylie Rossetter." Appellant's App. Vol. II p. 53.[4] The jury instructions for Count III similarly instructed the jury that to convict Maxwell of attempted aggravated battery, the State must show Maxwell "act[ed] with the culpability required to commit the crime of aggravated battery, which is defined as: (a) The Defendant, (b) knowingly or intentionally, (c) inflicted injury on Kylie Rossetter, (d) and the injury created a substantial risk of death[.]" Tr. Vol. III pp. 167-68 (formatting altered).[5]

[11]     In other words, the attempted aggravated battery statute requires the State to show not just that Maxwell acted knowingly or intentionally when he shot at the houses, but that when he did so he knew or intended that it would inflict injury **on a person**. *See* I.C. § 35-42-2-1.5 (emphasis added). And based on the State's charging approach here, the jury was required to find Maxwell intended

---

[4] The wording of the charging information for the attempted aggravated battery counts is identical with respect to each victim except their names and the location of the residences. *See* Appellant's App. Vol. II pp. 53-55, 57-58, 60-63.

[5] The wording of the jury instructions is identical for each attempted aggravated battery count except for each victim's name. *See* Tr. Vol. III pp. 167-91.

or was aware of a high probability that this injury would be inflicted upon each of the nine named victims. The evidence falls short of this.

[12] For Count III, the evidence established that Maxwell neither targeted Kylie Rossetter nor knew of her presence or location within the home. Instead, the evidence shows he intended to "get" K.R., who was not home and who was not listed as a victim in any count. Tr. Vol. II p. 236. This is also the case for the other two named individuals at Kilbourne Court—Brett Rossetter and Terri Brown (Counts IV and V). Similarly, at the 9th Street address, Maxwell was looking for "Brian" but had the wrong house entirely. *Id.* at 243. He was instead charged with attempting to batter the Garcias (Counts VII and VIII), despite having no knowledge of their existence. Finally, at Central Street, there is little evidence as to any intended target, and absolutely no evidence that Maxwell or his companions were aware of the presence of the four victims within the home (Counts X-XII).

[13] The State's arguments at trial further highlight the failure in meeting their burden of proof. During closing, the State repeatedly pointed out Maxwell shot at the "home[s] without regard for the people inside." Tr. Vol. III p. 147. But this conflates the requisite mens rea for attempted aggravated battery— knowingly or intentionally—with that of recklessness. While Maxwell and his friends clearly acted recklessly by shooting at the homes, such actions without more do not show an awareness of a high probability that the victims would be inflicted with injury. *Compare Corbin v. State*, 840 N.E.2d 424, 430 (Ind. Ct. App. 2006) (affirming defendant's attempted aggravated battery conviction

where the evidence established he fired a handgun "multiple times in the presence of others [he] knew of"), *with Grannan v. State*, 174 N.E.3d 232, 235 (Ind. Ct. App. 2021) (affirming defendant's criminal recklessness conviction where evidence established she fired a handgun at a house she knew to be occupied).

[14] The State points to evidence suggesting the homes were occupied—cars in the driveway and the time of night—and argues this is sufficient to show Maxwell acted knowingly. But even if Maxwell suspected people may be in the homes, this does not establish awareness of a high probability that the specific people listed in the information would be injured when Maxwell and his friends shot into the homes. *See Meriweather v. State*, 659 N.E.2d 133, 142 (Ind. Ct. App. 1995) (upholding attempted aggravated battery conviction due to evidence defendant shot at the specific victim rather than "randomly"), *abrogated on other grounds by Wright v. State*, 658 N.E.2d 563, 570 (Ind. 1995).

[15] Furthermore, we acknowledge that *Richeson v. State*, 704 N.E.2d 1008 (Ind. 1998), upheld an attempted battery conviction arising from a drive-by shooting of a home. However, in *Richeson*, the defendant was charged with attempted battery only against his intended victim—Michael Foster—who was present in the home at the time of the shooting. 704 N.E.2d at 1011. Notably, there were two other people inside the home with Foster during the shooting, yet Richeson was not charged in relation to them. In contrast, here Maxwell was charged with attempting to batter nine specific individuals, and there is no evidence any were the intended targets or known to Maxwell.

[16] To be sure, Maxwell's actions showed an "unjustifiable disregard for any harm that may have resulted"—he easily could have injured or killed any of the nine occupants of the homes. Appellant's Br. p. 14. But our legislature has already encapsulated this action and culpability within the criminal recklessness statute, which makes it a Level 5 felony to "recklessly, knowingly, or intentionally perform[] an act that creates a substantial risk of bodily injury to another person" and "is committed by shooting a firearm into . . . an inhabited dwelling[.]" Ind. Code § 35-42-2-2(b)(2) (2019); *see also Grannan*, 174 N.E.3d at 235 (defendant convicted of Level 5 felony criminal recklessness for shooting into an occupied home). Here, for the three counts of Level 5 felony criminal recklessness that Maxwell received, he could be sentenced to a maximum of eighteen years, especially considering the egregious conduct and number of victims. Thus, it appears our legislature has already taken the gravity of the harm committed here into account.

[17] Based on the evidence presented in this case and the State's chosen method of charging and trying these offenses, we cannot find that a reasonable fact-finder could conclude beyond a reasonable doubt that Maxwell possessed the requisite mens rea for the specific attempted aggravated battery and conspiracy charges brought against him.[6] The State's decision to charge Maxwell with attempting

---

[6] It is possible our conclusion here would be different, at least for some of the convictions, if the State had charged and presented these offenses under a "transferred intent" theory, as it appears there may have been sufficient evidence that Maxwell and his companions intended to batter their targets—K.R. and Brian—and this intent could be transferred to the actual occupants of the home. *See Maldonado-Morales v. State*, 985 N.E.2d 25 (Ind. Ct. App. 2013).

to batter nine specifically named individuals who were strangers to him—rather than proceeding under alternative charging theories like transferred intent—created an evidentiary burden that the State could not meet given that the evidence established that Maxwell never saw the charged victims and had no knowledge of their presence or locations when he fired. Under these circumstances, his convictions for attempted aggravated battery and the related conspiracy charges must be reversed.

## Conclusion

[18] We reverse and remand for the trial court to vacate the nine Level 3 felony attempted aggravated battery convictions and the two Level 3 felony conspiracy to commit aggravated battery convictions and for resentencing on the remaining three criminal recklessness convictions.

[19] Reversed and remanded with instructions.

May, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT

Ashley M. Fleetwood
Gibson Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Kathy J. Bradley
Deputy Attorney General
Indianapolis, Indiana